Eric Andrew Mercer, State Bar No. 248707
LAW OFFICE OF ERIC ANDREW MERCER
770 L Street, Suite 950
Sacramento, CA 95814
Telephone:   (916) 361-6022
Facsimile:   (916) 361-6023
Email: eric@ericmercerlaw.com

Attorney for Plaintiff, Manuel Hernandez, Jr.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MANUEL HERNANDEZ, JR., an individual;<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC, a Delaware Corporation; HUNT & HENRIQUES, a California Law Partnership ; and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692<br><br>2. Violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788<br><br>3. Unfair Business Practices, California Business and Professions Code § 17200<br><br>DEMAND FOR JURY TRIAL |

1

COMPLAINT

## I. INTRODUCTION

1. Simply put, Defendants are attempting to collect a debt from the wrong "Manuel Hernandez." However, despite Plaintiff's clear explanations to Defendants, that he has no connection to the "Manuel Hernandez" named in a collection lawsuit, has no connection to the original creditors, and has no connection to the real property located at 2612 Catalina Dr., Sacramento, CA 95621, which is the address at which the debtor lived when he incurred the debt, Defendants continue to send communications to Plaintiff in an attempt to collected a debt that Plaintiff does not owe.

## II. JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 based on Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

3. This Court, alternatively, has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of related facts. Plaintiff's state law claims are related to Plaintiff's federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

## III. VENUE

5. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Eastern District of California. The Eastern Division is the proper division in that Plaintiff resides in, and the unlawful conduct that gives rise to these claims occurred, in Sacramento County, California.

## IV. PARTIES

6. Plaintiff, Manuel Hernandez, Jr. is, and was at all times mentioned herein was, over the age of 18 and a resident of Sacramento County, California. He is domiciled in and is a citizen of California. Plaintiff resides at the real property located at 5731 Verde Cruz Way, Sacramento, California 95841.

7. Defendant Midland Funding, LLC ("Midland Funding") is a Delaware Corporation

and is a debt buyer and is business the principal purpose of which is the collection of debts and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant Hunt & Henriques ("Hunt & Henriques") is a California Law Partnership and is business the principal purpose of which is the collection of debts and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Plaintiff refers to "Defendants" collectively as including Midland Funding and Hunt & Henriques unless the individual defendant is specifically identified.

10. The true names and capacities of DOES 1 through 10 are currently unknown to plaintiff who alleges that DOES 1 through 10 are responsible in some manner for the injuries sustained by all plaintiffs as hereinafter alleged. Plaintiff request leave to file amendments to this complaint alleging the true names and capacities of DOES 1 through 10 when the same have been ascertained.

11. Plaintiff is informed and believe, and on that basis allege, that at all times herein Defendant SPS was a servant, and/or employee of Defendant Chase, and was at all times acting within the course and scope of such service or employment. Defendant Chase ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts.

## V. FACTS

12. On December 28, 2018, Midland Funding filed a lawsuit in the Superior Court of California, County of Sacramento to collect a debt owed to Diamond Elite, which appears to be a jewelry company (the "collection lawsuit").

13. The original bill, attached to the Complaint in the collection lawsuit, was sent to a "Manuel Hernandez" at 2612 Catalina Dr., Sacramento, CA 95621. Plaintiff, here, is not the "Manuel Hernandez" listed on this bill and has never lived at 2612 Catalina Dr., Sacramento, CA 95621. He has never purchased any goods or utilized any service from Diamond Elite or any other company related to or referenced in the bill attached to the Complaint in the collection lawsuit.

14. On or about January 15, 2019, and March 29, 2019, Defendants filed Declarations of Non-service after unsuccessful attempts to serve the collection lawsuit at 2612 Catalina Dr.,

Sacramento, CA 95621 and learned that, apparently, no "Manuel Hernandez" lived at that location.

15. In an envelope postmarked April 11, 2019, Defendants sent the Complaint and Summons from the collection lawsuit to Plaintiff at 5731 Verde Cruz Way, Sacramento, California 95841. Defendants provided no reason in the collection lawsuit for the attempted service to Plaintiff at 5731 Verde Cruz Way, Sacramento, California 95841. Plaintiff alleges on information and belief that Defendants simply searched for a "Manuel Hernandez" located in Sacramento. However, as of the time of this filing, a search of a public records aggregator shows that there are at least 30 persons with the name "Manuel Hernandez" in and around the Sacramento area. Plaintiff, alleges on information and belief that he was simply chosen at random because he has no connection to the "Manuel Hernandez" named in the collection lawsuit, has no connection to the original creditors, and has no connection to the real property located at 2612 Catalina Dr., Sacramento, CA 95621.

16. On or about April 16, 2019, Defendants filed a Proof of Service in the collection lawsuit indicating that they had effected substitute service by attempting personal service and then mailing the Complaint and Summons to Plaintiff at 5731 Verde Cruz Way, Sacramento, California 95841.

17. On or about May 21, 2019, Plaintiff returned home from a vacation to find the Complaint and Summons related to the collection lawsuit.

18. On or about May 25, 2019, Plaintiff sent Defendants a letter explaining that they were attempting to collect from the wrong person because he has no connection to the original creditors, and has no connection to the real property located at 2612 Catalina Dr., Sacramento, CA 95621. Plaintiff further requested that Defendants provide him proof he owed the debt.

19. On or about May 31, 2019, Defendants sent Plaintiff a letter that included the account statements that were already attached to the Complaint in the collection lawsuit as proof that Plaintiff owed the debt Defendants were attempting to collection from Plaintiff.

20. On or about June 18, 2019, Plaintiff send Defendants a letter that again stated they were attempting to collect from the wrong person because he has no connection to the original creditors, and has no connection to the real property located at 2612 Catalina Dr., Sacramento, CA

95621.

21.   In a letter dated June 21, 2019, Defendants sent Plaintiff a letter stating that Defendants would "cease collection activities" if Plaintiff provided a written statement that he was the victim of identity theft.  However, Plaintiff does not believe he was a victim of identity theft.  The only thing linking him to the debt is the same first and last name.  Plaintiff believes it is entirely possible that another person named "Manuel Hernandez" lived at 2612 Catalina Dr., Sacramento, CA 95621 at the time the debt was incurred.  Defendants provided no information whatsoever to allow Plaintiff to conclude he had been the victim of identity theft.

22.   In a letter dated July 18, 2019, Defendants again contacted Plaintiff in an attempt to collect at debt that Plaintiff had clearly explained he did not owe.

23.   In a letter dated August 8, 2019, Defendants again contacted Plaintiff in an attempt to collect at debt that Plaintiff had clearly explained he did not owe.  In this letter, Defendants claim that Plaintiff had made a "fraud" claim.  However, Plaintiff never made any fraud claim.  He simply informed Defendants they had the wrong "Manuel Hernandez."

24.   Plaintiff became aware that on January 17, 2020 that the California Superior Court of the County of Sacramento rejected the default judgment requested by Defendants in the collection action.

25.   Since March 13, 2020, the California Superior Court of the County of Sacramento has had limited services due to the COVID-19 pandemic.  Nonetheless, Plaintiff remains concerned that Defendants will continue their unlawful attempts to collect a debt he does not owe.

26.   Due to Defendants unlawful actions, Plaintiff suffered of emotional distress that caused him to experience anxiety, frustration, embarrassment with his significant other, frustration, feelings of hopelessness, loss of self-confidence, and nervousness.

## VI.  CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692**
**(Against All Defendants)**

27.   Plaintiff realleges each and every allegation above as if fully set forth in this Cause

of Action.

28. Defendants are "debt collector[s]" within the meaning of 15 U.S.C. §1692a because Defendants are in business the principal purpose of which is the collection of debts and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendants sent communications to Plaintiff in an attempt to collect a debt.

29. The monies allegedly owed by Plaintiff are a "debts" within the meaning of 15 U.S.C. § 1692a because the bill sent to Plaintiff appears to be "obligation[s] or alleged obligation[s] of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."

30. As alleged herein, and as set forth in detail above, Defendants have committed violations of the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, including without limitation: making false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. § 1692e, and using unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f.

31. Defendants made a false, deceptive, or misleading representation to Plaintiff, when it represented to Plaintiff that he had incurred a debt merely because he has the same name as another person that actually incurred the debt; when Defendants falsely communicated to Plaintiff that he was the victim of identity theft and that he made a "fraud" claim.

32. Defendants used unfair or unconscionable means to collect or attempt to collect any debt when attempted to collect a debt from Plaintiff merely because he has the same name as another person that actually incurred the debt; when Defendants falsely communicated to Plaintiff that he was the victim of identity theft and that he made a "fraud" claim.

33. Defendants used unfair or unconscionable means to collect or attempt to collect any debt when it merely identified a person with the same first and last name living in the same city as the debtor, chosen at random, after Plaintiff explained he has no connection to the "Manuel Hernandez" named in the collection lawsuit, has no connection to the original creditors, and has no connection to the real property located at 2612 Catalina Dr., Sacramento, CA 95621.

34. Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover actual damages sustained as a result Defendants' violations of the FDCPA in an amount to be proven at trial. In addition, pursuant to 15 U.S.C. §1692(a)(2)(A) Plaintiff is entitled to recover statutory damages up to $1,000.00.

35. Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff is entitled to recover all attorney's fees, costs, and expenses incurred in the bringing of this action.

**SECOND CAUSE OF ACTION**
**Violations of the Rosenthal Fair Debt Collection Practices Act**
**(Against Midland Funding and DOES 1-10)**

36. Plaintiff realleges each and every allegation above as if fully set forth in this Cause of Action.

37. Midland Funding is a "debt collector" within the meaning of California Civil Code section 1788.2(c) because it sent letters to Plaintiff in an attempt to collect a debt.

38. The monies allegedly owed by Plaintiff are a "debt" within the meaning of California Civil Code section 1788.2(d) because the original debt attached to a letter sent to Plaintiff concerns "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person."

39. As alleged herein, and as set forth in detail above, Defendants have committed violations California's Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 ("Rosenthal Act"), which incorporates by reference, and requires compliance with, the provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  The FDCPA and, therefore, the RFDCPA, prohibits, without limitation: making false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. § 1692e and using unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f.

40. Midland Funding made a false, deceptive, or misleading representation to Plaintiff, and the Class, when it represented to Plaintiff that he had incurred a debt merely because he has the same name as another person that actually incurred the debt; when Defendants falsely communicated to Plaintiff that he was the victim of identity theft and that he made a "fraud" claim.

41. Midland Funding used unfair or unconscionable means to collect or attempt to collect any debt when it attempted to collect a debt from Plaintiff merely because he has the same name as another person that actually incurred the debt; when Defendants falsely communicated to Plaintiff that he was the victim of identity theft and that he made a "fraud" claim.

42. Midland Funding used unfair or unconscionable means to collect or attempt to collect any debt when it merely identified a person with the same first and last name living in the same city as the debtor, chosen at random, after Plaintiff explained he has no connection to the "Manuel Hernandez" named in the collection lawsuit, has no connection to the original creditors, and has no connection to the real property located at 2612 Catalina Dr., Sacramento, CA 95621.

43. Pursuant to California Civil Code sections 1788.30 and 1788.17, Plaintiff, and the Class, is entitled to recover actual damages sustained as a result of Midland Funding's violations of the Rosenthal Act. Such damages include, without limitation, monetary losses and damages, and emotional distress suffered, which damages are in an amount to be proven at trial. In addition, pursuant to California Civil Code sections 1788.30 and 1788.17, because Midland Funding's violations of the Rosenthal were committed willingly and knowingly, Plaintiff is entitled to recover penalties of at least $1,000 per violation as provided for in the Act.

44. Pursuant to California Civil Code sections 1788.30 and 1788.17, Plaintiff is entitled to recover all attorneys' fees, costs, and expenses incurred in the bringing of this action.

**THIRD CAUSE OF ACTION**
**Violations of California's Unfair Competition Law**
**California Business and Professions Code section 17200**
**(Against All Defendants)**

45. Plaintiff realleges each and every allegation above as if fully set forth in this Claim.

46. California Business and Professions Code section 17200 et seq. ("Section 17200"), also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair, fraudulent or deceptive business act or practice"[1] as well as "unfair, deceptive, untrue or misleading advertising."

47. Defendant's conduct was unlawful in that:

---

[1] Plaintiff does not assert a claim under the "fraudulent" prong of the UCL.

   a. it violates the FDCPA and Rosenthal Act as described herein.

48. Defendants' conduct was unfair in that:

   a. Defendants failed to make any reasonable connection between Plaintiff and the debtor; and

   b. Defendants made false statements that Plaintiff claimed that he was the victim of identity theft and fraud when there was no such claims made.

49. As a direct and proximate result of defendants' unlawful and unfair business practices, Plaintiff has been injured in fact and has lost money or property in that Defendant charged excess interest, late fees, and other fees Plaintiff would not have incurred but for Defendants' excessive delay.

50. As a direct and proximate result of Defendants' unlawful and unfair business practices, defendants have been unjustly enriched and should be ordered to make restitution to Plaintiff pursuant to Business and Professions Code sections 17203 and 17204.

51. Plaintiff is entitled to restitution and injunctive relief pursuant to Business and Professions Code section 17203.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment in favor of Plaintiff and against Defendants on all claims;
2. For actual damages according to proof;
3. For statutory damages according to proof but not less than $1,000.00 for violations of FDCPA, and $1,000.00 for violations of the Rosenthal Act;
4. For punitive damages;
5. For any award to Plaintiffs of the costs of this action, including the fees and costs of experts, together with reasonable attorney's fees, costs and expenses;
6. For all other relief at law or in equity that Plaintiffs are entitled to by law that this Court deems just and proper.

///

///

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby request a trial by jury as to each and every claim for which they are so entitled.

Dated: August 7, 2020                                   Respectfully submitted,

                                                        LAW OFFICE OF ERIC ANDREW MERCER

                                                        By: */s/ Eric Andrew Mercer*
                                                           ERIC ANDREW MERCER
                                                           Attorney for Plaintiff